IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**EDWINA COFIELD,**

        **Petitioner,**

v.                                              **Case No. 1:21-cv-00565**

**WARDEN CARVER,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending is the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Edwina Cofield ("Cofield"), proceeding *pro se*. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's request for dismissal, (ECF No 6); **DISMISS** the Petition for a Writ of Habeas Corpus, (ECF No. 1); and **REMOVE** this matter from the docket of the Court.

**I.**    **Relevant History**

Cofield submitted the instant petition for habeas relief on October 20, 2021, while incarcerated in Federal Prison Camp Alderson ("FPC Alderson"), located in Alderson, West Virginia. (ECF No. 1). In her petition, Cofield argues that the policy of the Federal Bureau of Prisons ("BOP"), which requires an inmate to accumulate 18 months of clear

conduct ("clear conduct provision") before the BOP will consider the inmate's request for transfer to a BOP facility nearer to the inmate's release address ("nearer release transfer"), is impermissible following passage of the First Step Act. (*Id.* at 1–2). She asserts that the BOP is required to consider the factors in 18 U.S.C. § 3621(b), including the recommendations of a sentencing judge, when determining placement and transfer of inmates. (*Id.* at 2–3). According to Cofield, the clear conduct provision is "a sanction to a right" that she was given under the First Step Act and the BOP's policy "is violating a clear statutory directive." (*Id.* at 4–5). She maintains that the policy is not a valid exercise of the BOP's authority when considered under the standard set forth in *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). (*Id.* at 5–6). While acknowledging that she has not exhausted the administrative remedies available to her at FPC Alderson, she contends that this requirement should be waived because doing so would be "futile" given that the BOP adopted "a clear and inflexible policy." (*Id.* at 8–9). Cofield asks the Court to order the BOP to consider her for a nearer release transfer without applying the clear conduct provision. (*Id.* at 9–10).

On December 13, 2021, Respondent filed a response in opposition to Cofield's petition. (ECF No. 6). He asserts that the Court should dismiss the petition because Cofield has not shown that it would be futile for her to exhaust her administrative remedies. (*Id.* at 2–3). According to Respondent, Cofield's claim is not cognizable under § 2241 because she does not challenge the execution of her sentence; rather, her challenge is to a specific BOP policy affecting her location of confinement, which must be brought in a civil rights complaint. (*Id.* at 3–5). As to Cofield's argument concerning the validity of the policy under *Chevron*, Respondent contends that the policy is not an impermissible exercise of the BOP's authority under the First Step Act, and the BOP's

2

designation of an inmate's place of confinement is not reviewable. (*Id.* at 5–10).

On December 14, 2021, the undersigned issued an order allowing Cofield 60 days in which to file a reply. (ECF No. 7). Cofield filed no such reply. Therefore, this request for dismissal is ready for resolution.

## II.  Standards of Review

Although Respondent does not identify the rule under which the request for dismissal is brought, given the stage of the proceedings and nature of the arguments presented, it is best understood as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Because Respondent filed a response concurrently with the request for dismissal, the motion should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). Respondent makes three arguments: one asserting a lack of jurisdiction and two others claiming that Petitioner fails to state a claim for which relief may be given. A Rule 12(c) motion asserting a lack of jurisdiction applies the same standard of review used for a motion under Rule 12(b)(1), while a failure to state a claim is analyzed using the standard of review for Rule 12(b)(6) motions. *See Humphrey v. Glob. Equity Lending, Inc.*, No. 2:08CV68, 2008 WL 5262769, at *3 (E.D. Va. Dec. 17, 2008).

A motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend—as in this case— that a pleading "simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the petitioner the same procedural protection she would receive under Rule 12(b)(6). *Id.* Second, the movant may

3

raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id*. Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id*.

A motion under Rule 12(b)(6) addresses whether the plaintiff's complaint includes sufficient factual allegations to state a claim upon which relief may be granted. A complaint fails to state a claim when, viewing the factual allegations as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679. Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Id*. (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2nd Cir. 2007)). In deciding a Rule 12(b)(6) motion, the court must accept as

4

true all of the factual allegations contained in the petition. *Erickson v. Pardus*, 551 U.S. 89 (2007). Nonetheless, the court is not required to accept the legitimacy of legal conclusions. *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, a petition must plead both a factual and legal basis for relief. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to establish a facially plausible complaint).

## III. Discussion

Cofield filed her *pro se* petition for habeas corpus relief under 28 U.S.C. § 2241 and challenges the BOP's failure to consider her for a nearer-release transfer because she contends the clear conduct provision conflicts with the First Step Act. Her petition is to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); *see also* Fed. R. Civ. P. 8(e). Respondent argues, inter alia, that Cofield has not exhausted her administrative remedies and cannot challenge this policy in a habeas action.

### A. *Exhaustion of Administrative Remedies*

Cofield freely admits that she has not exhausted her administrative remedies with respect to the claim she asserts in this action. (ECF No. 1 at 7–9). Although § 2241 does not itself contain an exhaustion prerequisite, courts have judicially imposed a duty on prisoners to exhaust administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 490–91 (1973); *see also McClung v. Shearin,* No. 03–6952, 2004 WL 225093, at *1 (4th Cir. Feb.6, 2004) (citing *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir. 2001)). Exhaustion promotes numerous objectives, including avoiding premature interruption of the administrative process, allowing the agency to develop the necessary factual background upon which decisions should be based, permitting the agency to exercise its discretion or

5

apply its expertise, improving the efficiency of the administrative process, conserving scarce judicial resources, giving the agency a chance to discover and correct its own errors, and avoiding the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." *Sites v. Warden, FCI Hazelton*, No. 5:21-CV-184, 2022 WL 706959, at *1 (N.D.W. Va. Feb. 15, 2022), *report and recommendation adopted,* 2022 WL 698061 (N.D.W. Va. Mar. 8, 2022) (citation omitted).

The BOP's Administrative Remedy Program outlined in 28 C.F.R. § 542.10, *et seq.*, provides a process by which an inmate can seek review of an issue relating to any aspect of his or her confinement. With certain exceptions, an inmate must first present the issue of concern informally to a BOP staff member within the procedures prescribed by the warden of the institution in which the inmate is confined. *Id.* at § 542.13. An inmate can then file a formal written Administrative Remedy Request on the specified form. *Id.* at § 542.14. If the inmate is unsatisfied with the warden's response to the request, the inmate can appeal the decision to the appropriate regional director and can then appeal the response of the regional director to the general counsel. *Id.* at § 542.15. The administrative remedy request and appeals must comply with the requirements specified by the BOP. *Id.* at §§ 542.14, 542.15.

The court may waive exhaustion under certain circumstances, such as "when a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Wright v. Warden,* Civil Action No. RDB–10–671, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010). However, "in the absence of exceptional circumstances where the need for the remedy afforded by the writ of *habeas*

6

*corpus* is apparent [...] courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief." *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (citations and marking omitted). "While habeas corpus is "always available to safeguard the fundamental rights of persons wrongly incarcerated, it is the avenue of last resort." *Id.*

Cofield asserts that the exhaustion requirement should be waived here as "the process would be futile." (ECF No. 1 at 7). She claims that the BOP's continued implementation of the clear conduct provision evinces the futility of the process. (*Id.* at 8–9). "Absent a clear showing that an administrative agency has taken a hard and fast position that makes an adverse ruling a certainty, a litigant's prognostication that he is likely to fail before an agency is not a sufficient reason to excuse the lack of exhaustion." *Thetford Props. IV Ltd. P'ship v. U.S. Dept. of Housing & Urban Dev.*, 907 F.2d 445, 450 (4th Cir. 1990) (holding that allowing parties "to avoid the administrative process on their unsupported allegation of futility would allow the futility exception to swallow the exhaustion rule"). Cofield's bare assertion here, without more, is insufficient to support a conclusion that the administrative remedy process is futile. *See Dagley v. Johns*, No. 5:11-HC-2179-FL, 2012 WL 2589996, *2 (E.D.N.C. July 3, 2012). The undersigned **FINDS** that Cofield has not properly demonstrated futility, her failure to exhaust administrative remedies is not excused, and her petition should be dismissed on this basis. However, assuming *arguendo* that the remedy process is futile, Cofield would still not be entitled to relief here because her claim is not cognizable in a § 2241 petition.

### B. *Availability of Habeas Relief*

Even if Cofield's failure to exhaust administrative remedies were excused on the basis of futility, Cofield still would not be entitled to relief because her claim falls outside

7

the scope of § 2241. In order to determine if Cofield's claims are cognizable under a § 2241 petition, this Court must determine if she is in fact seeking habeas relief. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (construing petitioners' premature habeas claim as an actionable 42 U.S.C. § 1983 petition). To state a claim under § 2241, a petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). To determine whether a claim is cognizable under habeas corpus or under a civil rights action, a court must review whether the challenge is either to the fact or duration of the prisoner's confinement or instead to the conditions of the prisoner's confinement. *See Rodriguez v. Ratledge*, 715 Fed. Appx. 261, 266 (4th Cir. 2017). While a habeas petition is appropriate when a prisoner seeks a "quantum change" in his level of custody, when he only "seeks a different program, location, or environment, his challenge is to the conditions of his confinement rather than the fact of his confinement and his remedy is under civil rights law." *Sappleton v. Hogsten*, Civil Action No. 1:11–00552, 2014 WL 2565547, at *2 (S.D.W. Va. Jun. 6, 2014) (quoting *Campbell v. Deboo*, 2011 WL 1694454, at *2 (N.D.W. Va. May 4, 2011)).

Challenges to the conditions of confinement are not properly addressed through habeas petitions and instead should be challenged in civil rights actions. *See Wilborn v. Mansukhani,* 795 Fed. Appx. 157, 164 (4th Cir. 2019) (holding that § 2241 petitions are not appropriate avenue to raise conditions of confinement claims); *see also Roudabush v. Warden FCI Edgefield*, No. CV 8:18-1818-BHH-JDA, 2018 WL 3979858, at *1 (D.S.C. July 18, 2018*), report and recommendation adopted*, No. CV 8:18-1818-BHH, 2018 WL 3972257 (D.S.C. Aug. 20, 2018) (challenge alleging harassment, unsanitary food, and lack of mental health care not properly raised by § 2241 claim); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner

to challenge the 'legality or duration' of confinement....A civil rights action, in contrast, is the proper method for challenging 'conditions of confinement'"); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (holding that a request to change the location of incarceration is not cognizable under a habeas action).

The clear conduct provision is found in BOP Program Statement 5100.08. (ECF No. 6 at 6). Cofield advances that this rule is beyond the BOP's authority, but the Fourth Circuit has determined that § 2241 is not "the proper vehicle for [prisoners] to challenge the constitutionality of a BOP Program Statement used to determine" their place of detention. *Wilborn v. Mansukhani*, 795 Fed. Appx. 157, 162 (4th Cir. 2019). Instead, she must assert this claim, if at all, in a civil rights complaint. *Id*.

Assuming that Cofield had properly asserted her claim in a civil rights complaint, her claim would still likely fail. The law is clear that a prisoner has no constitutional right to be placed in any particular correctional facility. *See Olim v. Wakinekona*, 461 U.S. 238, 244 (1983) (holding that a prisoner has no constitutional right to be housed in a particular facility). The designation of a place of imprisonment rests exclusively with the Attorney General and his designee, the BOP, and is not constitutionally reviewable by this Court. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). While the First Step Act provides criteria for the BOP to consider when designating an inmate to a particular place of imprisonment, it also states unequivocally that the BOP's designation is not subject to judicial review. 18 U.S.C. 3621(b); *In re Rice*, 33 Fed. Appx. 108 (4th Cir. 2002) (holding that the BOP's discretionary power to designate an inmate's location is plenary and a court order that the BOP transfer him from one federal prison to another was unavailable).

9

Cofield acknowledges that this Court is not empowered to order her transfer from FPC Alderson and instead requests that the Court order the BOP to consider her transfer without relying on the clear conduct provision. (ECF No. 1 at 9–10). However, Cofield does not explain how the clear conduct provision controverts the broad authority given to the BOP in § 3621(b). The First Step Act allows the BOP to consider many open-ended factors in rendering its designation, including "the prisoner's programmatic needs" and "other security concerns," and order the BOP to place prisoners "as close as practicable" to their primary residence. § 3621(b). While the clear conduct provision is an exercise of the BOP's discretion rather than a statutory requirement, Respondent asserts, and Cofield does not refute, that it is a "permissible construction of the statute" because it relates to the factors outlined in § 3621(b). Given that the factors Congress requires the BOP to consider in assessing an inmate for a nearer-release transfer allow the BOP significant latitude in decision-making and Respondent's uncontroverted assertion that the clear conduct provision is connected to the statutory aim, Cofield has not shown that the clear conduct provision is an invalid exercise of that authority. As such, the undersigned **FINDS** that review of Cofield's designation to FPC Alderson is statutorily precluded and her claim should be dismissed.

### IV. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's request for dismissal, (ECF No 6); **DISMISS** the Petition for a Writ of Habeas Corpus, (ECF No. 1); and **REMOVE** this matter from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and to counsel of record.

**FILED:** April 15, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge